1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARCIAL VILLARINO, III

11          Plaintiff,                    No.  2:  12-cv-0889 WBS JFM (PS)

12       vs.

13   SPECIALIZED LOAN SERVICING,
     LLC, et al.,
14          Defendants.             FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff filed suit in state court against the defendants bringing claims arising

17   from defendants alleged misconduct related to a residential loan.  The defendants removed the

18   case to this court on the basis of diversity jurisdiction.  (See Dkt. No. 2.)

19          On April 13, 2012, defendants filed a motion to dismiss pursuant to Federal Rule

20   of Civil Procedure 12(b)(6).  (See Dkt. No. 7.)  Plaintiff did not file an opposition nor did he file

21   a statement of non-opposition to the motion to dismiss.  On October 9, 2012, defendants' motion

22   to dismiss was granted.  However, plaintiff was given ten days to file an amended complaint.

23   (See Dkt. No. 19.)  To date, has not filed an amended complaint.

24          On December 19, 2012, defendants filed a motion to dismiss for lack of

25   prosecution pursuant to Federal Rule of Civil Procedure 41(b).  (See Dkt. No. 20.)  Plaintiff did

26   not file a response to the motion to dismiss for lack of prosecution nor did he appear at the

                                        1

1    motion hearing on January 31, 2012 at 11:00 a.m. in Courtroom # 26.

2           "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

3    an action for failure to comply with an order of the court." See Ferdik v. Bonzelet, 963 F.2d

4    1258, 1260 (9th Cir. 1992).

5           In determining whether to dismiss a case for failure to comply with
     a court order the district court must weigh five factors
6           including: "the public's interest in expeditious resolution of the
     litigation; (2) the court's need to manage its docket; (3) the risk of
7           prejudice to the defendants; (4) the public policy favoring
     disposition of cases on their merits; and (5) the availability of less
8           drastic alternatives."

9    Id. at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also

10   Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

11          The first two factors favor dismissal of this case.  This action has been pending in

12   federal court for almost ten months, and yet, plaintiff still has not filed an amended complaint

13   after having being given ten days to do so on October 9, 2012.  Additionally, plaintiff's failure to

14   comply with the October 9, 2012 order as well as his failure to respond to defendants' motion to

15   dismiss for failure to prosecute indicates that he has abandoned this action.  Further time spent

16   by the court will consume scarce resources in addressing litigation in which plaintiff

17   demonstrates no intention to pursue.

18          The third factor also favors dismissal.  Indeed, defendants themselves have moved

19   to dismiss for plaintiff's failure to prosecute.  Furthermore, defendants would only be

20   disadvantaged by a decision to continue an action plaintiff has abandoned.

21          The fifth factor also favors dismissal.  The court has given plaintiff ample time,

22   above and beyond the ten days granted by the court for plaintiff to file an amended complaint.

23   There does not appear to be a suitable alternative to dismissal of this action.

24          Finally, while the fourth factor, public policy favoring disposition of cases on

25   their merits, weighs against dismissal, the other factors strongly support dismissal.  Thus,

26   defendant's motion to dismiss should be granted.

1        Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to

2  dismiss for lack of prosecution be granted and that this matter be dismissed with prejudice

3  pursuant to Federal Rule of Civil Procedure 41(b).

4        These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

6  days after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9  shall be served and filed within fourteen days after service of the objections.  The parties are

10  advised that failure to file objections within the specified time may waive the right to appeal the

11  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: February 4, 2013.

                    UNITED STATES MAGISTRATE JUDGE

16  14

17  vill0889.mdtpros